# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA
**v.**
**JEFFREY JORDAN**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **CR 98-11-4**

USM Number: **07936-029**

**Christopher A. Clausen**
Defendant's Attorney

☐ **Revocation** of Probation
■ **Revocation** of Supervised Release
☐ **Modification** of Supervision Conditions

☐ **AMENDED REVOCATION JUDGMENT**
Date of Most Recent Judgment:

## THE DEFENDANT:

■ admitted guilt to violation(s) **1a-f, 2, 3, 4, 5, 6b (lesser offense, Simple Assault)** of the term of supervision.

■ was found in violation of **6d-f** after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| **1a-f, 4** | **Failure to Participate in Substance Abuse Testing** | **12/11/2025** |
| **2** | **Use of a Controlled Substance** | **09/03/2025** |
| **3** | **Association with Person Engaged in Criminal Activity** | **09/03/2025** |
| **5** | **Use of Alcohol** | **06/14/2026** |
| **6b, 6d-f** | **New Law Violation** | **10/23/2026** |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

■ The defendant was not found in violation of **6a, 6c** and is discharged as to such violation(s).
☐ The Court did not make a finding regarding violation(s) ______

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**C.J. Williams, Chief Judge**
**United States District Court**
Name and Title of Judge

Signature of Judge

**November 4, 2026**
Date of Imposition of Judgment

November 5, 2026
Date

DEFENDANT: **JEFFREY JORDAN**
CASE NUMBER: **CR 98-11-4**

## PROBATION

☐ The defendant's supervision is continued with the addition of special condition number(s):

## IMPRISONMENT

☐ No imprisonment is ordered as part of this modification.

■ The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **18 months. It is ordered that this term of imprisonment be served consecutively to any term of imprisonment imposed in Linn County, Iowa Case No. AGCR164859.**

■ The court makes the following recommendations to the Federal Bureau of Prisons:
**It is recommended that the defendant be designated to a Federal Bureau of Prisons facility in close proximity to the defendant's family which is commensurate with the defendant's security and custody classification needs.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Federal Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ as notified by the United States Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **JEFFREY JORDAN**
CASE NUMBER: **CR 98-11-4**

# SUPERVISED RELEASE

■ Upon release from imprisonment, the defendant shall be on supervised release for a term of: **2 years.**

☐ The defendant's supervision is continued with the addition of special condition number(s):

☐ The defendant is remanded to the custody of the United States Marshal's until bed space is available at the Residential Reentry Center. The defendant shall be released from the United States Marshal's custody per written notification by the United States Probation Office without further order of the Court.

# MANDATORY CONDITIONS OF SUPERVISION

1) The defendant must not commit another federal, state, or local crime.

2) The defendant must not unlawfully possess a controlled substance.

3) The defendant must refrain from any unlawful use of a controlled substance.
The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future controlled substance abuse. *(Check, if applicable.)*

4) ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*

5) ■ The defendant must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

6) ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, and/or is a student, and/or was convicted of a qualifying offense. *(Check, if applicable.)*

7) ☐ The defendant must participate in an approved program for domestic violence. *(Check, if applicable.)*

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: **JEFFREY JORDAN**
CASE NUMBER: **CR 98-11-4**

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervision, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of the defendant's release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. The defendant must also appear in court as required.
3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.
4) The defendant must answer truthfully the questions asked by the defendant's probation officer.
5) The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.
7) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or the defendant's job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.
10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.
13) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: **JEFFREY JORDAN**
CASE NUMBER: **CR 98-11-4**

## SPECIAL CONDITIONS OF SUPERVISION

***The defendant must comply with the following special conditions as ordered by the Court and implemented by the United States Probation Office:***

1. **The defendant must submit the defendant's person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The United States Probation Office may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

2. **The defendant must participate in a substance abuse evaluation. The defendant must complete any recommended treatment program, which may include a cognitive behavioral group, and follow the rules and regulations of the treatment program. The defendant must participate in a program of testing for substance abuse. The defendant must not attempt to obstruct or tamper with the testing methods.**

3. **The defendant must not use or possess alcohol. The defendant is prohibited from entering any establishment that holds itself out to the public to be a bar or tavern without the prior permission of the United States Probation Office.**

4. **The defendant must participate in the Remote Alcohol Testing Program during any period of the defendant's supervision. The defendant must abide by all rules and regulations of the Remote Alcohol Testing Program. The defendant will be responsible for the cost of participation in the Remote Alcohol Testing Program.**

5. **The defendant must participate in a mental health evaluation. The defendant must complete any recommended treatment program, and follow the rules and regulations of the treatment program. The defendant must take all medications prescribed to the defendant by a licensed medical provider.**

6. **The defendant must not have contact during the defendant's term of supervision with the individual(s) set forth in the Violation Worksheet, Special Condition of Supervision No. 23 filed at document number 574, in person or by a third party. This includes no direct or indirect contact by telephone, mail, email, or by any other means. The United States Probation Office may contact the aforementioned individual(s) to ensure the defendant's compliance with this condition.**

DEFENDANT: **JEFFREY JORDAN**
CASE NUMBER: **CR 98-11-4**

## SPECIAL CONDITIONS OF SUPERVISION (cont.)

**7. Immediately following release from custody, the defendant must reside in a Residential Reentry Center for a period of up to 180 days, or until discharged by the United States Probation Office after consultation with the Court. While a resident of the Residential Reentry Center, the defendant must abide by all rules and regulations of the facility. The defendant must report to the Residential Reentry Center at a time and date to be determined by the Bureau of Prisons, the Residential Reentry Center, and the United States Probation Office.**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them. Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition(s) of supervision.

______________________________ ______________
Defendant Date

______________________________ ______________
United States Probation Officer/Designated Witness Date